**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-cv-299-PAB-MJW

GREGORY R.TOPF, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

STILLWATER MINING COMPANY,
BRIAN D. SCHWEITZER,
MICHAEL J. MCMULLEN,
GEORGE M. BEE,
PATRICE E. MERRIN,
LAWRENCE PETER O'HAGAN,
MICHAEL S. PARRETT,
GARY A. SUGAR,
THOR US HOLDCO INC., and
THOR MERGCO INC.,

    Defendants.

---

**JOINT MOTION TO VACATE SCHEDULING CONFERENCE**

The Parties—plaintiff Gregory Topf ("Plaintiff" or "Topf") and Stillwater Mining Company ("Stillwater"), Brian D. Schweitzer, Michael J. McMullen, Michael S. Parrett, Gary A. Sugar, George M. Bee, Patricia E. Merrin, and Lawrence Peter O'Hagan, ("Defendants")—through their undersigned counsel, move for entry of an Order vacating the current Scheduling Conference (and all associated deadlines) set for April 17, 2017.  Pursuant to D.C.COLO.LCivR 40.2(b), Plaintiff, along with plaintiffs in the related actions (collectively, the "Actions"),[1] hereby provides notice that they have reached an agreement in principle with Defendants to resolve this

---

[1] *Topf v. Stillwater Mining Co., et al.*, Case No. 17-cv-299-PAB (filed January 31, 2017); Rempel *v. Stillwater Mining Co., et al.,* Case No. 1:17-CV-00400-WJM-STV (filed February at, 2017).

litigation and expects to seek voluntary dismissal of the action upon closing of the Merger (defined below), which is expected in the second quarter of 2017.

The Parties certify that they have conferred and jointly seek this relief. In support of this Joint Motion, the Parties state as follows:

## Factual and Procedural Background

1. On December 9, 2016, Stillwater published a press release and filed with the United States Securities and Exchange Commission ("SEC") a Form 8-K announcing that it had entered into a definitive agreement and plan of merger (the "Merger Agreement") to be acquired by Sibanye Gold Limited at a price of USD $18.00 per share in cash (the "Merger").

2. On January 24, 2017, Stillwater filed a preliminary proxy statement on Schedule 14A with the SEC (the "Preliminary Proxy").

3. On January 27, 2017, plaintiff George Assad, a purported shareholder of Stillwater, filed a putative class action complaint in the United States District Court for the District of Colorado, against the Stillwater board of directors ("Stillwater Board" or "Individual Defendants"), among others, alleging claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934.

4. On January 31, 2017, plaintiff Gregory R. Topf, a purported shareholder of Stillwater, filed a putative class action complaint in the United States District Court for the District of Colorado, against the Stillwater Board, among others, alleging claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934.

5. On February 8, 2017, counsel for plaintiff George Assad delivered a written demand for supplemental disclosures of certain information to Stillwater shareholders, which he contends was not included in the Preliminary Proxy in advance of the date for the special meeting

to be held in connection with a shareholder vote on the Merger. Defendants contend that the Preliminary Proxy was true, correct and complete, and contained all necessary disclosures. Thereafter, Plaintiffs' counsel and Defendants' counsel thereafter engaged in extensive negotiations regarding supplemental disclosures to be filed with the SEC to address the alleged deficiencies.

6. On February 15, 2017, plaintiff John Rempel, a purported shareholder of Stillwater, filed this putative class action complaint in the United States District Court for the District of Colorado, against the Stillwater Board, among others, alleging claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934. *See generally* Dkt. 1-1. Counsel for the respective Plaintiffs agreed to coordinate their efforts.

7. On February 21, 2017, following negotiations between Plaintiffs' counsel and Defendants' counsel, counsel for plaintiff George Assad delivered a further written demand for supplemental disclosures of certain information to Stillwater shareholders that was not included in the Preliminary Proxy in advance of the date for the special meeting to be held in connection with a shareholder vote on the Merger. Defendants contend that the Preliminary Proxy was true, correct and complete, and contained all necessary disclosures. Thereafter, Plaintiffs' counsel and Defendants' counsel thereafter engaged in further negotiations regarding supplemental disclosures to be filed with the SEC to address the alleged deficiencies.

8. Thereafter, the Parties in the Actions reached an agreement in principle providing for the settlement of the Actions (the "Settlement Agreement"), which was memorialized on or about March 15, 2017. Among other things, the Settlement Agreement provided that Defendants would cause a revised preliminary proxy statement to be filed with the SEC, which would include supplemental disclosures concerning the proposed Merger ("Additional Disclosures"), and

Plaintiffs agreed to dismiss their cases upon dissemination of the Additional Disclosures and the vote of the Merger, which is scheduled to take place on April 25, 2017.

9. On March 23, 2016, Defendants filed a definitive proxy, containing the Additional Disclosures, on Schedule 14A with the SEC (the "Definitive Proxy"). Defendants did so to avoid the cost and burden of protracted litigation. The Additional Disclosures should not be deemed or construed as an admission with regard to the alleged deficiencies.

10. The Court has scheduled a Scheduling Conference for April 17, 2017 at 11:00 AM.

**Good Cause Exists for the Requested Relief**

11. The Parties request that the Court vacate the April 17, 2017 Scheduling Conference (and all associated deadlines) and good cause exists for this relief.

12. With the filing of the Definitive Proxy on March 23, 2017, which contains the Additional Disclosures, Plaintiffs have agreed to dismiss their actions within five (5) business days after Stillwater stockholders vote on the Merger, which is scheduled to take place on April 25, 2017.

13. Given this procedural posture, the parties do not believe that a Scheduling Conference is necessary at this time.

14. Good cause thus exists, for reasons of judicial efficiency and economy, to vacate the Scheduling Conference set for April 17, 2017.

WHEREFORE, the Parties request that the Court vacate the current April 17, 2017 Scheduling Conference (and all associated deadlines).

Dated: April 7, 2017

**OF COUNSEL:**
LEVI & KORSINSKY, LLP
Shane T. Rowley
733 Summer Street, Suite 304
Stamford, CT 06901
Tel: (212) 363-7500

**THE SHUMAN LAW FIRM**

By: *s/ Rusty E. Glenn*
Rusty E. Glenn
600 17th Street, Suite 2800 South
Denver, CO 80202
(303) 861-3003


**OF COUNSEL:**

**JONES DAY**
Eric Landau
Travis Biffar
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel: (949) 851-3939

**HOLLAND & HART LLP**

By: *s/ Holly Stein Sollod*
Holly Stein Sollod
555 17th Street, Suite 3200
Denver, CO 80202
Tel: (303) 295-8000

*Attorneys for Defendants Stillwater Mining Company, Brian D. Schweitzer, Michael J. McMullen, George M. Bee, Patrice E. Merrin, Lawrence Peter O'Hagan, Michael S. Parrett and Gary A. Sugar*

## **Certificate of Service**

I hereby certify that the foregoing was filed with this Court on April 7, 2017 through the CM/ECF system and will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

                                                    *s/ Rusty E. Glenn*
                                                    Rusty E. Glenn